UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60295-CIV-DAMIAN

**CARLOS ALBERTO MORALES BENITEZ**,

      Petitioner,

v.

**CARLOS NUNEZ**, *et al.*,

      Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner, Carlos Alberto Morales Benitez's ("Petitioner"), Petition For Writ Of Habeas Corpus (the "Petition") [ECF No. 1], filed February 4, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 5] on February 13, 2026 [ECF No. 8 ("Response")], and Petitioner filed a Reply on February 16, 2026 [ECF No. 9]. Petitioner also filed an Amended Petition on February 12, 2025 [ECF No. 7 ("Amended Petition")], to which Respondents have not responded. Upon comparison of the petitions, it appears the only difference is that while the Petition only raises one Count, Denial of Custody Redetermination Based on Legal Error, the Amended Petition adds a second Count, Violation of the Fifth Amendment of the United States Constitution, and some related allegations. Because the Amended Petition raises the same legal issues to which Respondents responded initially, this Court finds the initial briefing sufficient.

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I.  BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

In brief, Petitioner is a native and citizen of Cuba. He first entered the United States in June 2022 and has resided here continuously since that time. Customs and Border Protection ("CBP") apprehended him on June 22, 2022, and served an NTA charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). He was released under an Order of Release on Recognizance on June 26, 2022. He has a sibling who is a U.S. citizen and has been continually employed and paid taxes as a landscaper. Petitioner does not have any criminal record in the United States.

Petitioner was detained during an annual check-in at the ICE Miramar office in Florida. He is detained at Broward Transitional Center ("BTC"). Following Petitioner's arrest and transfer to BTC, Petitioner requested a custody redetermination hearing, but the Immigration Judge concluded that he did not have jurisdiction to do so under *Matter of Yajure Hurtado*.

Petitioner filed the Petition on February 3, 2026. In the Petition, Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See generally* Pet. On February 12, 2026, Petitioner filed the Amended Petition, challenging his continued detention under 8 U.S.C. § 1225(b).

Respondents argue that the immigration judge is bound by the BIA decision in *Matter of Yajure Hurtado* pursuant to which Petitioner is an alien seeking admission who is governed by the provisions of § 1225(b) and subject to mandatory detention. *See generally* Resp.

2

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

At the outset, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases[1], and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369 at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

This Court points out that it is aware that in *Buenrostro-Mendez v. Bondi*, No. 25-20496, _ F.4th _, 2026 WL 323330 (5th Cir. Feb. 6, 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*. This Court is also aware that the Respondents have appealed to the Eleventh Circuit district court judgments finding that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

### IV.  CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Amended Petition [**ECF No. 7**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **March 4, 2026**. It is further

**ORDERED** that on or before **March 18, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of February, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**